MHN

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
3-26-2008
MAR 2 6 2008
JUDGE JAMES B. ZAGEL
UNITED STATES DISTRICT COURT

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 08 CR 201 |
| vs. ) | |
| ) | Judge James B. Zagel |
| RICHARD E. BELLGARDT II ) | |

## PLEA AGREEMENT

1. This Plea Agreement between the United States Attorney for the Northern District of Illinois, PATRICK J. FITZGERALD, and defendant RICHARD E. BELLGARDT II, and his attorney, ALUSH ZEQIRJA KOLA, is made pursuant to Rule 11 of the Federal Rules of Criminal Procedure. The parties to this Agreement have agreed upon the following:

### Charge in This Case

2. The information in this case charges defendant with one count of theft of government money, in violation of Title 18, United States Code, Section 641.

3. Defendant has read the charge against him contained in the information, and that charge has been fully explained to him by his attorney.

4. Defendant fully understands the nature and elements of the crime with which he has been charged.

### Charge to Which Defendant is Pleading Guilty

5. By this Plea Agreement, defendant agrees to enter a voluntary plea of guilty to the information in this case.

## Factual Basis

6. Defendant will plead guilty because he is in fact guilty of the charge contained in the information. In pleading guilty, defendant admits the following facts and that those facts establish his guilt beyond a reasonable doubt and constitute relevant conduct within the meaning of USSG § 1B1.3:

From in or about March 2003 to in or about October 2006, the defendant did steal, purloin, and knowingly convert to his own use money of the United States in excess of $1,000.00 in funds administered by the U.S. Department of Veterans Affairs ("VA") in the form of monthly disability pension benefits, which funds defendant was not entitled to receive, in violation of Title 18, United States Code, Section 641.

More specifically, defendant admits that he was awarded VA pension benefits in 1999 and that eligibility for such benefits is based on the amount of income that an individual receives. Defendant further admits that his father established a trust fund for the defendant's benefit and also named the defendant as a beneficiary of an individual retirement account ("IRA") prior to passing away in April 2000.

In October 2000, the defendant reported to the VA that he had earned income from employment as a gas station attendant. After receiving this information, the VA determined that the defendant's income exceeded allowable limits and that he had received an overpayment. The VA then reduced the defendant's benefits level but continued paying benefits until the overpayment was eliminated prior to January 1, 2002.

In early 2002, the defendant reported to the VA that he received income in 2001 through wages and an inheritance from his father. In May 2002, after receiving this information, the VA determined that the defendant's income exceeded allowable limits and that he had received another overpayment. The defendant continued receiving benefits, but the VA applied those benefits towards the overpayment, which was eliminated in or around July 2002.

In 2003, the VA discovered that the defendant had received additional inheritance income during 2000. The defendant intentionally did not disclose this income in financial status reports that he previously provided to the VA. After learning of the additional income, the VA again determined that the defendant's income had exceeded allowable limits and that he had received an overpayment. The VA further advised the defendant that any inheritance income qualifies as income that could raise the defendant's income above the maximum level that would allow him to receive benefits. The defendant continued receiving benefits, but the VA applied those benefits towards the overpayment, which was eliminated prior to May 2005.

In September 2005, after conducting an investigation, the VA learned for the first time that each year since 2001, the defendant had been receiving income as the beneficiary of his deceased father's IRA account and from the trust fund established by defendant's father. Specifically, defendant admits that between 2001 and 2006, he received an annual lump sum payment of approximately $9,600 to $10,600 from the IRA account and monthly payments

of approximately $1,800 from the trust fund. Defendant admits that he did not disclose this income in financial status reports that he provided to the VA between 2000 and 2005.

The defendant continued to receive VA benefits through October 2006. Defendant admits that his income exceeded the eligibility limits for receiving such benefits. By the intentional concealment of income and failure to disclose income to the VA, the defendant unlawfully obtained $47,375 between January 2001 and October 2006 and converted those funds for his own use and benefit.

### Maximum Statutory Penalties

7. Defendant understands that the charge to which he is pleading guilty carries the following statutory penalties:

    a. A maximum sentence of ten years' imprisonment. This offense also carries a maximum fine of $250,000. Defendant further understands that the judge also may impose a term of supervised release of not more than three years.

    b. In accord with Title 18, United States Code, Section 3013, defendant will be assessed $100 on the charge to which he has pled guilty, in addition to any other penalty imposed.

### Sentencing Guidelines Calculations

8. Defendant understands that in imposing sentence the Court will be guided by the United States Sentencing Guidelines. Defendant understands that the Sentencing

Guidelines are advisory, not mandatory, but that the Court must consider the Guidelines in determining a reasonable sentence.

9. For purposes of calculating the Sentencing Guidelines, the parties agree on the following points:

   a. **Applicable Guidelines.** The Sentencing Guidelines to be applied in this case are those in effect at the time of sentencing. The following statements regarding the calculation of the Sentencing Guidelines are based on the Guidelines Manual currently in effect, namely the November 2007 Guideline Manual.

   b. **Offense Level Calculations.**

      i. The base offense level for the charge in the indictment is 6, pursuant to Guideline § 2B1.1(a)(2).

      ii. Pursuant to Guideline § 2B1.1(b)(1)(D), the offense level is increased 6 levels because the loss was more than $30,000 but less than $70,000.

      iii. Defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for his criminal conduct. If the government does not receive additional evidence in conflict with this provision, and if defendant continues to accept responsibility for his actions within the meaning of Guideline § 3E1.1(a), including by furnishing the United States Attorney's Office and the Probation Office with all requested financial information relevant to his ability to satisfy any fine that may be imposed in this case, a two-level reduction in the offense level is appropriate.

c.  **Criminal History Category.** Based on information currently available to the Government, the defendant has no criminal history points, and the defendant's criminal history category is I.

d.  **Anticipated Advisory Sentencing Guidelines Range.** Therefore, based on the facts now known to the government, the anticipated offense level is 10, which, when combined with the anticipated criminal history category of I, results in an anticipated advisory Sentencing Guidelines range of 6-12 months' imprisonment (Zone B), in addition to any supervised release, fine, and restitution that the Court may impose.

e.  Defendant and his attorney and the Government acknowledge that the above Guideline calculations are preliminary in nature, and are non-binding predictions upon which neither party is entitled to rely. Defendant understands that further review of the facts or applicable legal principles may lead the Government to conclude that different or additional Guideline provisions apply in this case. Defendant understands that the Probation Office will conduct its own investigation and that the Court ultimately determines the facts and law relevant to sentencing, and that the Court's determinations govern the final Guideline calculation. Accordingly, the validity of this Agreement is not contingent upon concurrence of the probation officer or the Court with the above calculations, and defendant shall not have a right to withdraw his plea on the basis of the Court's rejection of these calculations.

f. Both parties expressly acknowledge that this plea agreement is not governed by Fed.R.Crim.P. 11(c)(1)(B), and that errors in applying or interpreting any of the Sentencing Guidelines may be corrected by either party prior to sentencing. The parties may correct these errors either by stipulation or by a statement to the Probation Office or the Court, setting forth the disagreement regarding the applicable provisions of the Guidelines. The validity of this Plea Agreement will not be affected by such corrections, and defendant shall not have a right to withdraw his plea, nor the government the right to vacate this Plea Agreement, on the basis of such corrections.

## Agreements Relating to Sentencing

10. The Government agrees to recommend a sentence within the applicable guideline range.

11. It is understood by the parties that the sentencing judge is neither a party to nor bound by this Plea Agreement and may impose a sentence up to the maximum penalties as set forth above. Defendant further acknowledges that if the Court does not accept the sentencing recommendation of the parties, defendant will have no right to withdraw his guilty plea.

12. Regarding restitution, the defendant understands the offense to which he is pleading guilty is an offense against property, and thus, an order of restitution is required, pursuant to Title 18, United States Code, Section 3663A. Defendant further agrees that his criminal conduct resulted in a loss of $47,375 and agrees to the entry of a restitution order

in this amount to the VA. Defendant understands that Title 18, United States Code, Section 3664 and Guideline § 5E1.1 and § 5E1.2 of the Sentencing Guidelines set forth the factors to be weighed in setting a fine and in determining the schedule, if any, according to which restitution is to be paid in this case. Defendant agrees to pay $47,375 in restitution at the time of sentencing through cashier's check or money order payable to the Clerk of the U.S. District Court. Defendant further agrees to provide full and truthful information to the court and the United States Probation Officer regarding all details of his economic circumstances in order to support his ability to pay all such restitution at the time of sentencing. Defendant understands that providing false or incomplete information may be prosecuted as a violation of Title 18, United States Code, Section 1001, or as a contempt of the court.

13. Defendant agrees to pay the special assessment of $100 at the time of sentencing with a cashier's check or money order payable to the Clerk of the U.S. District Court.

### Presentence Investigation Report/Post-Sentence Supervision

14. Defendant understands that the United States Attorney's Office in its submission to the Probation Office as part of the Pre-Sentence Report and at sentencing shall fully apprise the District Court and the Probation Office of the nature, scope and extent of defendant's conduct regarding the charge against him, and related matters. The Government will make known all matters in aggravation and mitigation relevant to the issue of sentencing.

15. Defendant agrees to truthfully and completely execute a Financial Statement with supporting documentation prior to sentencing, to be provided to and shared among the Court, the Probation Office, and the United States Attorney's Office regarding all details of his financial circumstances, including his recent income tax returns as specified by the probation officer. Defendant understands that providing false or incomplete information, or refusing to provide this information, may be used as a basis for denial of a reduction for acceptance of responsibility pursuant to Guideline § 3E1.1 and enhancement of his sentence for obstruction of justice under Guideline § 3C1.1, and may be prosecuted as a violation of Title 18, United States Code, Section 1001 or as a contempt of the Court.

16. For the purpose of monitoring defendant's compliance with his obligations to pay a fine and restitution during any term of supervised release to which defendant is sentenced, defendant further consents to the disclosure by the IRS to the Probation Office and the United States Attorney's Office of defendant's individual income tax returns (together with extensions, correspondence, and other tax information) filed subsequent to defendant's sentencing, to and including the final year of any period of supervised release to which defendant is sentenced. Defendant also agrees that a certified copy of this Plea Agreement shall be sufficient evidence of defendant's request to the IRS to disclose the returns and return information, as provided for in Title 26, United States Code, Section 6103(b).

## Acknowledgments and Waivers Regarding Plea of Guilty

### Nature of Plea Agreement

17.     This Plea Agreement is entirely voluntary and represents the entire agreement between the United States Attorney and defendant regarding defendant's criminal liability in this case.

18.     This Plea Agreement concerns criminal liability only. Except as expressly set forth in this Agreement, nothing herein shall constitute a limitation, waiver or release by the United States or any of its agencies of any administrative or judicial civil claim, demand or cause of action it may have against defendant or any other person or entity. The obligations of this Agreement are limited to the United States Attorney's Office for the Northern District of Illinois and cannot bind any other federal, state or local prosecuting, administrative or regulatory authorities, except as expressly set forth in this Agreement.

19.     Defendant understands that nothing in this Plea Agreement shall limit the Internal Revenue Service ("IRS") in its collection of any taxes, interest or penalties from defendant.

### Waiver of Rights

20.     Defendant understands that by pleading guilty he surrenders certain rights, including the following:

10

     a.     **Indictment.** Defendant understands that he has a right to have the charges prosecuted by an indictment returned by a concurrence of twelve or more members of a grand jury consisting of not less than sixteen and not more than twenty-three members. Defendant knowingly waives his right to be prosecuted by indictment and to assert at trial or on appeal any defects or errors arising from the information, the information process, or the fact that he has been prosecuted by way of information.

     b.     **Trial rights.** Defendant has the right to persist in a plea of not guilty to the charges against him, and if he does, he would have the right to a public and speedy trial.

     i.     The trial could be either a jury trial or a trial by the judge sitting without a jury. Defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, defendant, the government, and the judge all must agree that the trial be conducted by the judge without a jury.

     ii.     If the trial is a jury trial, the jury would be composed of twelve citizens from the district, selected at random. Defendant and his attorney would participate in choosing the jury by requesting that the Court remove prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges.

     iii.     If the trial is a jury trial, the jury would be instructed that defendant is presumed innocent, that the government has the burden of proving defendant

guilty beyond a reasonable doubt, and that the jury could not convict him unless, after hearing all the evidence, it was persuaded of his guilt beyond a reasonable doubt. The jury would have to agree unanimously before it could return a verdict of guilty or not guilty.

      iv.    If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not the judge was persuaded that the government had established defendant's guilt beyond a reasonable doubt.

      v.    At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them.

      vi.    At a trial, defendant could present witnesses and other evidence in his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court. A defendant is not required to present any evidence.

      vii.    At a trial, defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify. If defendant desired to do so, he could testify in his own behalf.

    c.    **Appellate rights.** Defendant further understands he is waiving all appellate issues that might have been available if he had exercised his right to trial, and may only appeal the validity of this plea of guilty and the legality of the sentence imposed.

Defendant understands that any appeal must be filed within 10 calendar days of the entry of the judgment of conviction.

    d.    Defendant understands that by pleading guilty he is waiving all the rights set forth in the prior paragraphs, with the exception of the appellate rights specifically preserved above. Defendant's attorney has explained those rights to him, and the consequences of his waiver of those rights.

### Other Terms

21.    Defendant agrees to cooperate with the United States Attorney's Office in collecting any unpaid fine and restitution for which defendant is liable, including providing financial statements and supporting records as requested by the United States Attorney's Office.

20.    Defendant agrees to cooperate with the IRS in any tax examination or audit of defendant which directly or indirectly relates to or arises out of the course of conduct which defendant has acknowledged in this Plea Agreement, by transmitting to the IRS original records or copies thereof, and any additional books and records which the IRS may request. Nothing in this paragraph precludes defendant from asserting any legal or factual defense to taxes, interest, and penalties that may be assessed by the IRS.

### Conclusion

21.    Defendant understands that this Plea Agreement will be filed with the Court, will become a matter of public record and may be disclosed to any person.

13

22. Defendant understands that his compliance with each part of this Plea Agreement extends throughout the period of his sentence, and failure to abide by any term of the Agreement is a violation of the Agreement. Defendant further understands that in the event he violates this Agreement, the Government, at its option, may move to vacate the Agreement, rendering it null and void, and thereafter prosecute defendant not subject to any of the limits set forth in this Agreement, or may move to resentence defendant or require defendant's specific performance of this Agreement. Defendant understands and agrees that in the event that the Court permits defendant to withdraw from this Agreement, or defendant breaches any of its terms and the Government elects to void the Agreement and prosecute defendant, any prosecutions that are not time-barred by the applicable statute of limitations on the date of the signing of this Agreement may be commenced against defendant in accordance with this paragraph, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement of such prosecutions.

23. Should the judge refuse to accept defendant's plea of guilty, this Plea Agreement shall become null and void and neither party will be bound thereto.

24. Defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this Plea Agreement to cause defendant to plead guilty.

25. Defendant acknowledges that he has read this Plea Agreement and carefully reviewed each provision with his attorney. Defendant further acknowledges that he understands and voluntarily accepts each and every term and condition of this Agreement.

AGREED THIS DATE: 3/26/08

_____  
PATRICK J. FITZGERALD  
United States Attorney

_____  
RICHARD E. BELLGARDT II  
Defendant

_____  
CHRISTOPHER R. MCFADDEN  
Assistant U.S. Attorney

_____  
ALUSH ZEQIRJA KOLA  
Attorney for Defendant